## Thorwart's Appeal

*J. L. Trambley*, for appellant.

*Bert A. Hoffman*, Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

BAIRD, P. J., February 10, 1936.—The appellant applied to the Pennsylvania Liquor Control Board for a distributor's license under the Beverage License Law of July 18, 1935, P. L. 1217.

The board refused to issue the license for the reason, as stated in its letter to the applicant, "that a distributor's license may not be issued for any premises covered by a retail liquor or malt-beverage license," and added "Our records indicate that a retail club liquor license has been issued to the L. O. O. M. Lodge No. 149 for these premises." No other objection was made by the board to the issuance of the license, and the applicant's bond and remittance in the amount of $387.50, covering the license fee, were returned to him.

From the refusal of the board to issue the license the applicant appealed to this court under section 7 of the Beverage License Law, supra.

Section 5(*b*) of the law provides as follows:

"The board shall issue to any reputable person who applies therefor, pays the license fee hereinafter prescribed, and files the bond hereinafter required, a dis-

tributor's or importing distributor's license for the place which such person desires to maintain for the sale of malt or brewed beverages".

Section 11 provides that applications for distributors' licenses shall contain the following information and statements, inter alia:

"(b) The particular place for which the license is desired, and a detailed description thereof . . .

"(h) A full description of that portion of the premises for which license is asked".

A portion of subsection (b) of section 12 provides:

"No distributor's or importing distributor's license shall be issued for any premises in any part of which there is operated any retail license for the sale of liquor or malt or brewed beverages."

It appears that the particular place for which the appellant desires a distributor's license is a portion of the basement of a large three-story building situate at the northwest corner of Market and Bridge Streets in the Borough of Johnsonburg known as the Moose Building, the first floor and a part of the basement of which are occupied by a drugstore, and the second floor of which is occupied by the Moose Lodge No. 149, to which lodge a club liquor license has been issued.

The question for our consideration turns on the proper construction of the word "premises" in that portion of section 12(b) above quoted.

The board has evidently construed it to mean "building".

We are of opinion that the board has construed the word in too narrow or restricted a sense, and that it means rather the particular place for which a license is desired as described in the application. If the legislature by the use of the word "premises" meant "building" it would have been easy to have made its meaning clear by the use of the latter word.

Counsel have stipulated and agreed as follows:

"It is hereby stipulated and agreed by and between

counsel for the parties to this action that it be admitted as a part of the evidence in this case that there is no communication, means of communication or physical connection between the portion of the Moose Building, Johnsonburg, Pa., occupied by L. J. Thorwart, appellant, and the drugstore located on the first or street floor of said building, nor between the portion of said building occupied by said L. J. Thorwart, appellant, and the portion of same occupied by the Moose Club, and that there is no possible way of going from the portion of said building occupied by the said L. J. Thorwart, appellant, to any other portion thereof except by going into the public highway or street."

Under these circumstances, we are of opinion that the two places constitute distinct premises within the meaning of the act and are no more parts of the same premises than if they were parts or portions of separate buildings.

There is no corresponding prohibition in this act against the issuance of a retail dispenser's license "for any premises in any part of which there is operated" a distributor's license, nor in the companion act of the same date known as the Pennsylvania Liquor Control Act of July 18, 1935, P. L. 1246, against the issuance of restaurant or club liquor licenses. Under section 9 of this act the license year in the case of retail dispensers begins on the first day of June of each year, and such licenses may be issued at any time during the license year; and in the case of distributors the license is for such year as may be established by the board for the particular district in which the license issues, and under section 19 may be issued at any time. Under section 409 of the Pennsylvania Liquor Control Act, supra, all licenses issued by the board, which include restaurant and club liquor licenses, expire on the 31st day of December in the year for which the licenses are issued, and under section 407 may be issued at any time during the year.

As a result of these different classes of licenses being issuable at any time and expiring at different times, if the construction by the board of the word "premises" in section 12 (b) of this act were to prevail, the distributor would be discriminated against when he came to apply for a renewal of his license, if at that time a retail dispenser's license or a retail license for the sale of liquor should have been granted and was being operated in any part of the building occupied by him. Under such construction and circumstances the distributor's license could not be renewed, but there would be nothing to prevent the renewal of a retail dispenser's license or of a club or restaurant liquor license in the same building. Under our construction of the word "premises" in section 12 (b) the distributor would not be thus hampered, and all classes of licensees above mentioned would enjoy the same privilege of location.

It is also to be noted that in every other part of the act where the word "premises" is used, and there are many such instances of its use throughout the act, the word clearly refers to the particular place desired to be or actually licensed.

We can see no purpose whatever to be served by the construction placed on the word by the board when applied to the facts of this case.

Now, February 10, 1936, after hearing and due consideration, the board's refusal to issue a distributor's license to the applicant at the place applied for is reversed, and it is ordered that such license be issued upon payment of the license fee, and the filing of a proper bond.

From John H. Cartwright, Ridgway.